**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEI ZHANG,<br><br>　　　　Plaintiff,<br>　　vs.<br>MEDRP INTERNATIONAL, INC.,<br><br>　　　　Defendant(s). | Case No.: 1:11-CV-01329-LJO-DLB<br><br>**PROTECTIVE ORDER** |

　　Having considered the Stipulation For Protective Order submitted by the parties concurrently herewith, and finding good cause appearing for the same, the Court hereby issues the following Protective Order:

　　1.　　For the purposes of this Protective Order, "Confidential Information" means any information which is designated as "Confidential" by the parties, whether it be a document, pleading, motion, exhibit, declaration, affidavit, or all other tangible items (electronic media, photographs, videocassettes, etc.), information contained in a document, information contained in a response to an Interrogatory, information revealed during a deposition or information otherwise disclosed during discovery. "Confidential Information" includes proprietary business and financial information including, but not limited to, corporate financial statements, third-party financial information, third-party employment information, medical information, patient information, party employment information, policies and procedure manuals, marketing information and training

materials. The dissemination of such financial, employment and trade secret information to non-parties outside the scope of this litigation could irreparably damage the parties herein.  The entry of a protective order, in addition to the confidentiality agreement between the parties, will ensure that such information will remain protected from improper disclosure, and that any improper disclosure can be quickly remedied by the Court.

     2.   The parties shall designate information as "Confidential" only upon the good faith belief that the information is at least arguably subject to protection.  If any material has multiple pages, this designation need only be placed on the first page of such material. "Confidential Information" and "Restricted Information" shall, without the necessity of further designation, remain confidential and shall not be disclosed in any fashion, nor be used for any purpose other than the preparation for and trial of this action as provided for herein.

     3.   "Qualified Person" shall mean and refer to (i) the parties to this action including employees; (ii) counsel for the parties to this litigation, including office associates, paralegals, and clerical employees; and (iii) witnesses, experts, consultants and other persons consulted or retained in connection with this litigation and who have agreed to be bound by the terms of this Protective Order.  "Qualified Person" shall also include the Court, representatives and employees of the Court, and the jury on such terms as the Court in its discretion may deem appropriate.

     4.   Prior to being, permitted access to ˉConfidential Information" subject to this Protective Order, a "Qualified Person" under Paragraph 3(iii) shall sign a Certification in the form attached hereto as Exhibit "A" stating that he/she has read and understands the terms of this Protective Order and that he/she will abide by them. The original of each such Certification shall be retained by Counsel of record for the party permitting the disclosure until the litigation is completed.

     5.   "Confidential Information" shall be retained by counsel and shall not be disclosed or made available to any person except a "Qualified Person." Said

"Confidential Information" shall not be used by any "Qualified Person," except solely for the purposes of litigation in this action and shall not be used for any other purposes whatsoever. The substance or content of "Confidential Information" as well as copies, summaries, notes and memoranda relating thereto, shall not be disclosed to anyone other than a "Qualified Person." If "Confidential Information" or summaries thereof have been entered into a computerized database, only "Qualified Persons" shall have access to the database.

6. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Information, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are "Qualified Persons". Deposition testimony may be designated as "Confidential Information" following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential Information" pursuant to paragraph 2 above. When Confidential Information is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Protective Order.

7. If a deponent refuses to execute a Certification in the form attached hereto as Exhibit A, disclosure of Confidential Information during the deposition shall not constitute a waiver of confidentiality.  Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reported and no copy of the transcript or exhibits shall be given to the deponent.

8. Any information designated "Confidential," if filed with the Court, shall be filed under seal pursuant to Eastern District of California – Local Rule 141.  Information shall only be permitted to be filed under seal upon a particularized showing of good

cause, or if the information sought to be protected is to be used in dispositive matters, a showing of compelling reasons.

9. If a non-designating party is subpoenaed or ordered to produce Confidential Information by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Information until the designating party has had a reasonable time to object or otherwise take appropriate steps to protect such Confidential Information.

10. Each "Qualified Person" agrees to submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or person affected by this Protective Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order.

11. This Protective Order initially protects from disclosure all documents that the producing party designates in good faith as "Confidential." A party may, at any time, serve written notice of its objections to the designation of any material as "Confidential." The parties shall then meet and confer in good faith to resolve their dispute. If they are unable to do so within thirty (30) days, the party that has designated the document(s) as "Confidential" shall bring a motion before the Court to obtain an order that the discovery at issue is (are) to be so designated. During the pendency of the motion, the discovery materials at issue shall be treated in accordance to their designation. If the designating party fails to bring a motion within the time period set forth herein (30 days) to obtain a court order designating the document as "Confidential," then the documents shall be deemed non-confidential.

12. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within fifteen days after

discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Protective Order.

13. This Protective Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

14. When any counsel of record in this lawsuit, any attorney, or party, who has executed a Certification in the form attached hereto as Exhibit "A" becomes aware of any violation of this Protective Order, or of facts constituting good cause to believe that a violation of this Protective Order may have occurred, such attorney shall report that there may have been a violation of this Protective Order to the Court and all counsel of record.

15. Upon the final conclusion (including any appeals) of this action, all parties and "Qualified Persons" and their counsel, shall within ninety (90) days of the conclusion of this action either (i) return all "Confidential Information" and "Restricted Information" (and all copies thereof) to the producing party (shipping costs to be borne by the producing party), or (ii) provide a certification that all "Confidential Information" and "Restricted Information" (and all copies thereof) produced by the producing party have been fully destroyed along with the date of destruction. To the extent that this paragraph purports to apply to the court, it is inoperative.

IT IS SO ORDERED.

Dated:   **September 21, 2012**           **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE